IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL F. VAZQUEZ, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1793 |
| | § | |
| SELENE FINANCE, L.P., *et al.*, | § | |
|    Defendants. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion for Summary Judgment, Motion for Judgment on the Pleadings and Request for Sanctions ("Motion") [Doc. # 4]. Absent any opposition from Plaintiffs, the Motion is **granted**.

**I.  BACKGROUND**

In September 2008, Plaintiff Rafael Vasquez ("Borrower") executed a Promissory Note in the amount of $246,163.00. He and his wife, Plaintiff Norma Vazquez, executed a Deed of Trust establishing a first lien on certain real property in Katy, Texas. Selene Finance, L.P. ("Selene") is the current mortgagee, record assignee of the Deed of Trust, and holder of the Promissory Note.

Plaintiff failed to make the loan payment due November 1, 2010, and he has made no subsequent loan payments.

On October 22, 2015, Selene sent Notices of Default to Borrower. The default was not cured and, on June 13, 2016, Selene sent Notices of Acceleration and Foreclosure to Borrower.

This is the third lawsuit filed by Borrower in an attempt to prevent foreclosure without making any loan payments. In the most recent lawsuit, Final Judgment awarding summary judgment in favor of Defendants was entered May 31, 2017. *See* Final Judgment in Civil Action No. H-16-2000. Plaintiffs filed this lawsuit in Texas state court on June 5, 2017. Defendants removed the lawsuit to federal court and filed the pending Motion.

By Order [Doc. # 6] entered August 25, 2017, the Court ordered Plaintiffs to file any opposition to Defendants' Motion by August 31, 2017. Plaintiffs failed to file any opposition by that deadline or at any time before September 14, 2017. On that date, recognizing that the courthouse was closed on August 31, 2017, the Court ordered Plaintiff to file any opposition to the Motion by September 21, 2017. *See* Order [Doc. # 8]. The Court cautioned Plaintiffs that failure to respond as directed would result in dismissal of this lawsuit and could result in the imposition of sanctions. *See id.* Plaintiffs have neither filed any opposition to the Motion nor requested additional time to respond.

## II. *RES JUDICATA*

Defendants argue that the Final Judgment entered May 31, 2017, precludes this lawsuit under the doctrine of *res judicata*. The doctrine of "res judicata" precludes multiple lawsuits on the same causes of action, conserves judicial resources, and prevents inconsistent decisions. *See United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007). Under the doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Id.* at 326. *Res judicata* bars a claim that has been previously adjudicated when four requirements are satisfied: (1) the parties in the later case are identical to, or in privity with, the parties of the prior case; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior case concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. *Id.* Here, it is clear that the parties to this case and to the prior case are the same, that the Southern District of Texas is a court of competent jurisdiction, and the prior case ended with a final judgment on the merits.

In connection with the fourth element, whether the two suits involve the same claim or cause of action, the Court applies the "transactional test." *Id.* Under this test, the focus is on whether the two cases are based on "the same nucleus of operative facts." *Id.* (citing *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). "The

nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect 'extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.'" *Id.* (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).

In this case, all of the claims asserted in this case, as well as those asserted in the prior lawsuit, are based on the execution and enforcement of the Promissory Note and Deed of Trust. Indeed, the allegations in the Original Petition in this case are virtually identical to those presented in the Original Petition filed in the prior lawsuit. As a result, the two lawsuits are based on the same nucleus of operative facts, satisfying the fourth element of the *res judicata* analysis. As a result, this lawsuit is barred by the *res judicata* effect of the prior lawsuit.

### III. **CONCLUSION AND ORDER**

Defendants argue that this lawsuit is barred by the *res judicata* effect of the prior lawsuit that concluded by Final Judgment entered May 31, 2017. Plaintiffs have

presented no argument or legal authority to the contrary. For the reasons set forth above, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment, Motion for Judgment on the Pleadings [Doc. # 4] is **GRANTED** as unopposed and this case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any existing injunctions precluding foreclosure on the subject property are **VACATED.** It is further

**ORDERED** that the request for sanctions is **DENIED**, but Plaintiffs are cautioned that they may not file any future lawsuits involving the execution and enforcement of the Promissory Note and Deed of Trust at issue in this lawsuit. <u>Any future lawsuits may result in the imposition of sanctions against Plaintiffs personally and against their counsel, Arturo R. Eureste.</u>

SIGNED at Houston, Texas, this **26th** day of **September, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE